# FILED

SEP 2 0 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

CASE NUMBER  1:06CV01633

JUDGE: Ellen Segal Huvelle

DECK TYPE: Pro se General Civil

DATE STAMP: 09/20/2006

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

LaVern Koerner and Wilma S. Koerner )
15251 S. 50th ST #2035 )
Phoenix, AZ 85044, Arizona )
     85044 )
            )
     vs, )
            )
UNITED STATES )
            )
            )

) CASE NO.
)
) (PLAINTIFF(S) DEMAND A TRIAL BY
) JURY OF ALL ISSUES SO TRIABLE)
)
)
)

## COMPLAINT FOR DAMAGES UNDER 26 U.S.C. SECTION 7431

LaVern Koerner, plaintiff(s) herein, complain of defendants and seek statutory and/or actual and punitive damages as follows:

I

## INTRODUCTION

1.  This is an action brought pursuant to Title 26, Section 7431 of the Internal Revenue Code for the recovery of statutory and/or actual and punitive damages caused by the intentional and/or negligent unlawful disclosure of confidential return information by Wanda W Brown # 15-00-000 and other unknown agents (herein agent(s)) of the Internal Revenue Service.

2.  This Court has jurisdiction for this action under Title 26, Section 7431(a)(1) of the Internal Revenue Code, Venue is proper in this Court under 28 U.S.C. §1391(e).

## II

## FACTS

3.   LaVern Koerner is/are (an) individual(s) who at all times material hereto resided in 15251 S. 50th ST, Phoenix, AZ 85044, Arizona.

4.   Plaintiff(s)is/are the subject of ongoing purported collection action being conducted by the aforementioned agent(s) of the Internal Revenue Service, without benefit of existing assessment(s).

5.   On or about  2004, the aforementioned agent(s) caused to be recorded with the County Recorder/Register of Deeds of Hutchinson, County, State of South Dakota purported Notices of Tax Liens (a sample is affixed hereto. Identifying information has been excised), in amounts for which agent(s) have been unable to produce evidence of lawful assessment.

6.   Each purported Notice of Tax Lien entered into the public record contains multiple wrongful disclosures of "return  information" as defined in law.  SEE:  ¶ 15, below.

7.   The wrongful disclosures of plaintiffs' return information has caused plaintiff(s) substantial mental and emotional distress.

8.   The wrongful disclosures of plaintiffs' return information has subjected plaintiff(s) to the real possibility of identity theft.

9.   It was not necessary for the aforementioned agent(s) to place on the purported Notice(s) of tax lien(s) tax return information which subject plaintiff(s) to the possibility of identity theft.

10.  Agent(s)  disclosures were not in good faith or there existed no good faith in

disclosure of the information.

11.. A reasonable Internal Revenue Agent can be expected to know the statutory provisions governing disclosure, as interpreted and reflected in the IRS regulations and manuals. An agents's contrary interpretation is not in good faith.

12. Agent did not follow the dictates of section 6103 or the applicable IRS manual provisions prior to recording the purported notices.

13. On information and belief, the agent(s) involved in this case have all received extensive "disclosure" training which is designed to preserve the integrity of the confidentiality provisions of the federal tax laws which are codifications and extensions of the basic Forth Amendment right to privacy.

### III

### LEGAL AUTHORITY

14. Section 7431 of the internal revenue code provides taxpayers with a cause of action for statutory and/or actual and punitive damages against the United States in the event an officer of employee thereof makes any unlawful disclosure of "return information" in violation of Section 6103 of the Internal Revenue Code.

15. "Return Information" is required by Section 6103 to remain confidential and not be disclosed except as provided in Section 6103. There is no provision in Section 6103 providing for the disclosure of the return information contained in the aforementioned lien(s) "Return Information" is broadly defined in Section 6103(b)(2) as follows:

a taxpayer's identity, the nature, source. or amount of his income, payments, receipts, deductions, exemptions, credits, assets, liabilities, net worth, tax liability, tax withheld, deficiencies, overassessment, or tax payments, whether the taxpayer's return was, is being, or will be examined or subject to

investigation or processing, or any other data, received by, recorded by, prepared by, furnished to, or collected by the Secretary with respect to a return or with respect to the determination of the existence, or possible existence, of liability (or the amount thereof) of any person under this title for any tax, penalty, interest, fine, forfeiture, or other imposition or offense ...

16.    "Taxpayer identity" is broadly defined in Section 6103(b)(6) as follows:

The term "taxpayer identity" means the name of a person with respect to whom a return is filed, his mailing address, his taxpayer identifying number (as described in section 6109), or a combination thereof.

17.    The disclosure(s) described above are intentional, negligent, and/or grossly negligent disclosures of "return information" in violation of Section 6103 and for which plaintiff(s) is/are entitled to statutory and/or actual and punitive damages under Section 7431.

## IV

## DAMAGES

18.    Internal Revenue Code section 7431 authorizes damages:

...in an amount equal to the sum of—
(1) the greater of—
(A) $1,000 for each act of unauthorized inspection or disclosure of a return or return information with respect to which such defendant is found liable, or
(B) the sum of—
(i) the actual damages sustained by the plaintiff as a result of such unauthorized inspection or disclosure, plus
(ii) in the case of a willful inspection or disclosure or an inspection or disclosure which is the result of gross negligence, punitive damages, plus
(2) the costs of the action, plus
(3) in the case of a plaintiff which is described in section 7430 (c)(4)(A)(ii), reasonable attorneys fees, except that if the defendant is the United States, reasonable attorneys fees may be awarded only if the plaintiff is the prevailing party (as determined under section 7430 (c)(4)).

19    The reprehensible and vexatious conduct of and the illegal disclosures made by the aforementioned agent(s) and the other agents involved herein has caused plaintiff substantial personal embarrassment, loss of good will, loss in credit, the extent of which at this time cannot be completely and accurately ascertained but which will be more fully known after the completion of discovery.  At a minimum, defendant is statutorily liable for 1,000.00 for each unauthorized disclosure by  .

20.    The intentionally and/or grossly negligent unlawful disclosures by   and the other agents involved herein entitles plaintiff(s) to punitive damages the extent of which at this time cannot be accurately ascertained by which will be more fully known after the completion of discovery.

21.    Based on the unlawful disclosures plaintiff(s) contend that they are entitled to the costs of the action pursuant to Section 7431(c)(2) and (3).

   **WHEREFORE,** plaintiff(s) request(s) after trial of this case that judgement be entered in his/her/their favor against the United States for actual and punitive damages, the costs of this action, expungement of the aforementioned notices and such other and further relief to which plaintiff(s) is/are entitled.

Dated    9-15-06   ,    2006

LaVern Koerner

Wilma S. Koerner

## Acknowledgment

On the above inscribed date before the undersigned, a Notary Public for the State of Arizona, personally appeared, LaVern Koerner, known to me to be the person(s) whose name(s) are subscribed to the within instrument, and acknowledged to me that he/she/they executed the same as his/her/their free act and deed.

_____
Notary, State of Arizona



OFFICIAL SEAL
DANIELLE TAYLOR
NOTARY PUBLIC – ARIZONA
MARICOPA COUNTY
My Comm. Expires March 2, 2009

06 1633
# FILED

SEP 2 0 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT