IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LAVERNE KOERNER and<br>WILMA S. KOERNER,<br><br>        Plaintiffs,<br><br>    v.<br><br>UNITED STATES OF AMERICA,<br><br>        Defendant. | )<br>)<br>)<br>)<br>)<br>)   Civil No. 1:06-cv-01633-ESH<br>)<br>)<br>)<br>)<br>) |

MEMORANDUM IN SUPPORT OF THE UNITED STATES'
MOTION TO DISMISS AMENDED COMPLAINT

This is a suit brought under 26 U.S.C. § 7431 for the recovery of damages allegedly caused by the disclosure of confidential return information by the Internal Revenue Service (the "Service"). Plaintiffs' amended complaint, like the original complaint, should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) and (6) for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted.

QUESTIONS PRESENTED

Section 7433(a) provides, with one exception not pertinent here, that it "shall be the exclusive remedy for recovering damages" for unauthorized or improper collection actions. 26 U.S.C. § 7433(a). Plaintiffs' unauthorized disclosure claim relates to notices of federal tax liens filed by the Internal Revenue Service. Can Plaintiffs recover under 26 U.S.C. § 7431 when his claim is based on a collection action?

Section 7433(d)(1) requires the plaintiff to have "exhausted the administrative remedies available to such plaintiff" before a judgment for damages may be awarded.

26 U.S.C. § 7433(d)(1). Plaintiffs have failed to meet their burden with respect to this requirement. Because the exhaustion of administrative remedies is a prerequisite to this type of claim, should Plaintiffs' claim be dismissed?

Section 6103 prohibits disclosures of "return information," except as permitted by the Internal Revenue Code. 26 U.S.C. § 6103. Pursuant to exceptions provided in section 6103, the Service is authorized to disclose return information in order to carry out the provisions of the Code relating to establishment of liens. 26 U.S.C. § 6103(k)(6). Did the Service violate section 6103 in filing notices of federal tax liens?

STATEMENT OF FACTS

1. Introduction

On or about September 20, 2006, Plaintiffs, acting *pro se*, filed a complaint in the above captioned matter. Plaintiffs seek to recover damages for the disclosure of return information by Service agents, both named and unnamed in the complaint. (Compl. ¶ 1.)

On November 29, 2006, the defendant filed the United States' Motion To Dismiss. In said motion, the defendant demonstrated that plaintiffs' section 7431 claim must be dismissed because section 7433 of the Internal Revenue Code provides the exclusive remedy for allegedly unauthorized or improper collection actions, and this Court therefore lacks subject matter jurisdiction over this claim. The United States also demonstrated that the plaintiffs failed to exhaust their administrative remedies as required to maintain a cause of action under section 7433. Finally, the United States

demonstrated that even if this case were properly before the Court under either 26 U.S.C. §§ 7431 or 7433, plaintiffs have not proven that there has been a violation of 26 U.S.C. § 6103.

By Order entered November 29, 2006, the Court ordered plaintiffs to respond to the United States' motion to dismiss by December 30, 2006.

On December 8, 2006, plaintiffs filed the amended complaint for damages under section 7431. The amended complaint is nearly identical to the original complaint, except that the amended complaint omits certain allegations contained in the original complaint, as more fully set forth below.

    2.    <u>The allegations in the amended complaint</u>

The amended complaint is identical to the original complaint, except that it omits certain factual allegations contained in the original complaint. These omitted factual allegations are as follows.:

<u>Paragraph 4</u>: paragraph 4 of the original complaint alleges that "Plaintiff(s) is/are the subject of ongoing purported collection action being conducted by the aforementioned agent(s) of the Internal Revenue Service, without benefit of existing assessments(s)."

In the amended complaint, this allegation is omitted in its entirety.

<u>Paragraph 5</u>: paragraph 5 of the original complaint alleges that "[o]n or about 2004, the aforementioned agent(s) caused to be recorded with the County Recorder/Register of Deeds of Hutchison County, State of South Dakota purported

Notices of Tax Liens (a sample is affixed hereto. Identifying information has been excised), in amounts for which agent(s) have been unable to produce evidence of lawful assessment."

In the amended complaint (¶ 4), the plaintiffs allege that "[o]n or about 2004, the aforementioned agent(s) caused to be recorded with the County Recorder/Register of Deeds of Maracopa County, State of Arizona (a) Notice(s) of Tax Lien(s)."

Paragraph 6: paragraph 6 of the original complaint alleges that "[e]ach purported Notice of Tax Lien entered into the public record contains multiple wrongful disclosures of "return information" as defined in law. SEE ¶ 15 below."

In the amended complaint (¶ 5), the plaintiffs allege that "[e]ach Notice of Federal Tax Lien wrongfully discloses, through the public record, tax return information , such as name, address, city, state, social security number, amount of assessment, etc."

Paragraph 16. Paragraph 16 of the original complaint sets forth the statutory definition of "taxpayer identity" as set forth in 26 U.S.C., § 6103(b)(6).

In the amended complaint, paragraph 16 is omitted in its entirety.

Paragraph 18. Paragraph 18 of the original complaint sets forth the section of section 7431 authorizing damages for unauthorized disclosure.

In the amended complaint, paragraph 18 is omitted in its entirety.

Paragraph 19. The last sentence of paragraph 19 of the original complaint states that "[a]t a minimum, defendant is statutorily liable for $1,000.00 for each unauthorized

disclosure by ..."

In the amended complaint, this language is omitted in its entirety.

   2. <u>The present action for "wrongful disclosure"</u>

Plaintiffs argue that they are the subject of ongoing, unauthorized collection action by the Service, and that "on or about 2004," Service agents caused notices of federal tax liens to be recorded with the County Recorder/Register Of Deeds of Maricopa County, Arizona. (<u>Id</u>. ¶ 4,.) Plaintiffs allege that each of the notices of federal tax lien wrongfully discloses tax return information, and that such disclosures have caused Plaintiffs substantial mental and emotional distress and have subjected them to the possibility of identity theft. (<u>Id</u>. ¶¶ 5, 6, 7.) The allegations in the amended complaint are nearly identical to the allegations in the original complaint, except that plaintiffs complain about notices of federal tax liens filed in Maricopa County, Arizona, rather than in Hutchinson County, South Dakota. The other differences between the original complaint and the amended complaint are similarly of no consequence. Indeed, the omissions in the amended complaint of the statutory definition of "taxpayer identity" and the portion of section 7431 authorizing damages need not have been pled in the first instance. In short, the gravamen of plaintiffs' amended complaint is the same as the gravamen of plaintiffs' original complaint.

In both instances, plaintiffs base their cause of action in 26 U.S.C. § 7431, which they maintain provides taxpayers with a cause of action for statutory and/or actual and

punitive damages against the United States in the event that a Service agent makes any unlawful disclosure of return information in violation of 26 U.S.C. § 6103. (Id. ¶ 14.)

  3. <u>The prior actions for "wrongful collection" under section 7433</u>

Plaintiff LaVern Koerner has also filed two separate complaints against the United States under the authority of 26 U.S.C. § 7433.[1] LaVern Koerner's first section 7433 complaint was filed on August 10, 2005. Plaintiff's second section 7433 complaint was filed January 6, 2006. Both complaints allege a variety of forms of misconduct by the Service and challenges the collection activity and validity of the assessments. (See ¶ 7 of the complaints.) Plaintiffs' section 7433 complaints also allege wrongful disclosure of return information, and seeks damages. (See plaintiff's first section 7433 complaint ¶ 26; plaintiff's second section 7433 complaint ¶ 27.)

Plaintiffs' section 7433 complaints were dismissed on January 30, 2006, and March 31, 2006, respectively.

ARGUMENT

**I. Standard of Review**

When determining a motion to dismiss for failure to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6), the court must view all of the allegations and facts in the complaint in a light most favorable to the plaintiff, and must

---

[1] The United States asks that the Court take judicial notice of the information contained in these two complaints. <u>Koerner v. United States</u>, No. 05-1600 (D.D.C. filed August 10, 2005) and <u>Koerner v. United States</u>, No. 06-24 (D.D.C. filed January 6, 2006). Upon request, a court will take judicial notice of its own files. Fed. R. Evid. 201(d); <u>Hinton v. Stein</u>, 278 F.Supp. 2d 27, 29 (D.D.C. 2003).

grant the plaintiff the benefit of all inferences that can be derived from those facts. See Barr v. Clinton, 370 F.3d 1196, 1199 (D.C. Cir. 2004). The court need not accept inferences or conclusory allegations that are unsupported by facts set forth in the complaint. See Kowal v. MCI Communications Corp., 16 F.3d 1271, 1276 (D.C. Cir. 1994).

When determining a motion to dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1), the court must give the plaintiffs' factual allegations closer scrutiny than would be required for a rule 12(b)(6) motion because the plaintiffs have the burden of proof to establish jurisdiction. See, e.g., Macharia v. United States, 334 F.3d 61, 64, 69 (D.C. Cir. 2003); Grand Lodge of Fraternal Order of Police v. Ashcroft, 185 F. Supp. 2d 9, 13 (D.D.C. 2001). This scrutiny permits the court to consider material outside of the pleadings in its effort to determine whether it has jurisdiction. See, e.g., Cronauer v. United States, No. 04-1355, 2006 WL 2708682, at *2 (D.D.C. Sept. 20, 2006) citing EEOC v. St. Francis Xavier Parochial Sch., 117 F.3d 621, 625 n.3 (D.C. Cir. 1997); Herbert v. Nat'l Acad. of Scis., 974 F.2d 192, 197 (D.C. Cir. 1992).

## II. Section 7433 Is Plaintiffs' Exclusive Remedy

Plaintiffs' section 7431 claim in the amended complaint must be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) because section 7433 of the Internal Revenue Code provides the exclusive remedy for allegedly unauthorized or improper collection actions, and this Court therefore lacks subject matter jurisdiction over this claim.

Disclosures of return information allegedly made in the course of collection actions are subsumed within this exclusive remedy.

> Section 7433(a) provides:
>
> If, in connection with any collection of Federal tax with respect to a taxpayer, any officer or employee of the Internal Revenue Service recklessly or intentionally, or by reason of negligence, disregards any provision of this title, or any regulation promulgated under this title, such taxpayer may bring a civil action for damages against the United States in a district court of the United States. Except as provided in Section 7432, such civil action <u>shall be the exclusive remedy for recovering damages resulting from such actions</u>.

26 U.S.C. § 7433(a) (emphasis added). By its own terms, the statute is the "exclusive remedy" for the violation of "any provision of this title" that occurs in the course of federal tax collection. <u>Id</u>. Congress provided only one exception to section 7433's exclusivity, and that is section 7432. <u>Id</u>.

Section 7431 was added to the Internal Revenue Code six years before section 7433, and Congress must necessarily have been aware of section 7431 when it enacted section 7433. <u>Cf</u>. <u>Miles v. Apex Marine Corp.</u>, 498 U.S. 19, 32 (1990) ("We assume that Congress is aware of existing law when it passes legislation."). Had Congress intended section 7431 to be an alternative or supplemental remedy to an action within the purview of section 7433, Congress would have included section 7431 as an exception along with section 7432. <u>Cf</u>. <u>Connecticut Nat'l Bank v. Germain</u>, 503 U.S. 249, 253-54 (1992) ("We have stated time and again that courts must presume that a legislature says in a statute what it means and means in a statute what it says there.").

The legislative history of section 7433 further supports the conclusion that Congress intended the statute to be the exclusive avenue of redress for all unauthorized collection actions.  The legislative history provides that "an action brought under this provision [section 7433] shall be the exclusive remedy for recovering damages resulting from reckless or intentional disregard of a provision of the Internal Revenue Code, or a regulation promulgated thereunder, by an IRS employee engaged in the collection of any Federal tax."  H.R. Conf. Rep. No. 100-1104, at 228-29, reprinted in 1988 U.S.C.C.A.N. 4515, 5288-89.

Judicial precedent also supports the exclusivity of section 7433.  In Shwarz v. United States, the Ninth Circuit held that section 7433 is the exclusive remedy for alleged unauthorized disclosures of tax return information that occur in the course of collection activity, and barred a claim under section 7431 in such a case.  Shwarz v. United States, 234 F.2d 428 (9th Cir. 2000).  In Shwarz, the plaintiffs claimed that Service employees made unauthorized disclosures when a revenue officer filed an allegedly false declaration in support of an application to enter plaintiffs' place of business to effect a levy and when revenue officers posted seizure notices at plaintiffs' place of business.  Id.  Because the alleged unauthorized disclosures occurred in connection with tax collection activities, the court ruled that the suit had to proceed under section 7433 and not section 7431.  Id.  See also Elias v. United States, No. 90-0432, 1990 WL 264722, at *9 n.7 (C.D. Cal. Dec. 21, 1990) (noting that due to the then-recent enactment of section 7433, Congress did not intend for section 7431 suits to be maintained in

situations arising from tax collection activities), aff'd mem., 974 F.2d 1341 (9th Cir. 1992). This court recently affirmed the holding in Shwarz and the exclusivity of section 7433. Ross v. United States, No. 06-0963, 2006 WL 3250831, mem. op. at 15 (D.D.C. Nov. 10, 2006).

In sum, section 7433 is the exclusive remedy for disclosures allegedly made during tax collection activities. Plaintiffs' unauthorized disclosure claim relates to notices of federal tax liens filed with the county recorder. Accordingly, Plaintiffs' unauthorized disclosure claim relates to the Service's collection activities. See Opdahl v. United States, No. 98-0262, 2001 U.S. Dist. LEXIS 14098 (D.D.C. Aug. 16, 2001) (noting that the filing of notices of liens is a collection activity).

Because section 7433 is the exclusive remedy for unauthorized collection activities, this Court lacks subject matter jurisdiction and the claim should be dismissed under Fed. R. Civ. P. 12(b)(1). To hold otherwise would enable a taxpayer, whose return information was disclosed as part of collection activity, to recover damages under both sections 7431 and 7433, or to elect the more favorable scheme of relief, depending on the alleged violation. Congress did not intend to allow a taxpayer to receive double recovery for the same conduct, or to shop for the more favorable remedial scheme.

### III. Plaintiffs' Claim Is Barred Because the Predicates of Section 7433 Have Not Been Met

Assuming arguendo that the Plaintiffs had properly brought his suit pursuant to section 7433, the Court should nonetheless dismiss Plaintiffs' amended complaint because the predicates of section 7433 have not been met.

It is well settled that the United States is immune from suit, unless its sovereign immunity has been waived. Kentucky v. Graham, 473 U.S. 159, 165-67 (1985); Lehman v. Nakshian, 453 U.S. 156, 160 (1981); United States v. Testan, 424 U.S. 392, 399 (1976); United States v. Shaw, 309 U.S. 495, 500-01 (1940). It is also fundamental that where the sovereign has waived immunity, no suit can be maintained unless it is in exact compliance with the terms of the statute under which the sovereign has consented to be sued. United States v. Nordic Village, Inc., 503 U.S. 30 (1992); United States v. King, 395 U.S. 1, 4, 89 (1969); United States v. Sherwood, 312 U.S. 584, 596 (1947).

Under section 7433(d)(1), prior to bringing suit in federal district court for damages, taxpayers must exhaust their administrative remedies. 26 U.S.C. § 7433(d)(1). "A judgment for damages shall not be awarded under [section 7433] subsection (b) unless the court determines that the plaintiff has exhausted the administrative remedies available to such plaintiff within the Internal Revenue Service." Id.

The Secretary of the Treasury of the United States has promulgated regulations governing the administrative claim for damages under 7433. 26 C.F.R. § 301.7433-1(e). The regulations provide that --

> An administrative claim for the lesser of $1,000,000 ($100,000 in the case of negligence) or actual, direct economic damages...shall be sent in writing to the Area Director, Attn; Compliance Technical Support Manager of the area in which the taxpayer currently resides.

Id. The taxpayer must send a written administrative claim for damages to the area director in the district in which the taxpayer lives, and such claim must include the following: (1) the grounds for the claim; (2) a description of the injuries incurred by the taxpayer; (3) the dollar amount of the claim, including any damages not yet incurred but that are reasonable foreseeable; and (4) the signature of the taxpayer. 26 C.F.R. § 301.7433-1(e)(1) and (2). Failure to comply with this regulation deprives a court of jurisdiction. See Venen v. United States, 38 F.3d 100, 103 (3d Cir. 1994); Conforte v. United States, 979 F.2d 1375 (9th Cir. 1992); Glass v. United States, 424 F. Supp. 2d 224, 227 (D.D.C. 2006); McGuirl v. United States, 360 F. Supp. 2d 125 (D.D.C. 2004).

In the instant matter, Plaintiffs make no assertions concerning their pursuit of administrative remedies. Therefore, Plaintiffs have not adequately met their burden in alleging that the United States has unequivocally waived its sovereign immunity. Because Plaintiffs have not met their burden in proving exhaustion of

administrative remedies, this Court does not have jurisdiction over their claim and should dismiss the complaint.[2]

### IV. Plaintiffs Fail to State a Claim Because There Was No Unlawful Disclosure

But even if this case were properly before the Court under 26 U.S.C. §§ 7431 or 7433, plaintiff has not alleged sufficient facts upon which to posit a violation of 26 U.S.C. § 6103, and therefore the matter should be dismissed under Fed. R. Civ. P. 12(b)(6).

Section 7431 provides civil damages when there is a negligent or willful violation of section 6103, other than in the collection process. Section 7433 protects taxpayers from negligent or intentional violations of section 6103, *inter alia*, in the collection process. Section 6103(a) is a general taxpayer privacy-protection statute, and states the general rule that return information shall be confidential, and that, except as authorized, such information shall not be disclosed. Church of Scientology of California v. Internal Revenue Service, 484 U.S. 9, 10 (1987). The Internal Revenue Code contains a

---

[2]There is conflicting case law in the Court concerning whether the failure to exhaust administrative remedies under section 7433 should be analyzed as a jurisdictional issue or as a failure to state a claim under Fed. R. Civ. P. 12(b)(6). Compare Turner v. United States, 429 F. Supp. 2d 149, 154 (D.D.C. 2006) with Glass v. United States, 424, F. Supp. 2d 224, 227 (D.D.C. 2006). It is the position of the United States that as a term of consent to the waiver of sovereign immunity, the requirement of administrative exhaustion under section 7433 is by definition a part of the court's jurisdiction to entertain the suit. However, because the instant matter was brought pursuant to section 7431 rather than section 7433 and the basis of dismissal for failure to exhaust administrative remedies under section 7433 is only an ancillary issue, the United States respectfully moves to dismiss the action pursuant to 12(b)(1), or in the alternative, 12(b)(6).

number of specific and several general exceptions to this rule of non-disclosure.

Specifically, section 6103 (k)(6), provides:

> An internal revenue officer or employee may, in connection with his official duties relating to any *** collection activity *** disclose return information to the extent that such disclosure is necessary in obtaining information, which is not otherwise reasonably available *** with respect to the enforcement of any other provisions in this title. Such disclosures shall be made only in such situations and under such conditions as the Secretary may prescribe by regulation.

26 U.S.C. § 6103(k)(6).

The Secretary of Treasury has promulgated regulations enumerating the specific circumstances under which disclosures may be made pursuant to section 6103(k)(6).[3]

Section 301.6103(k)(6)-1(b) states:

> [A]n internal revenue employee *** in connection with the performance of official duties relating to any *** collection activity *** may disclose return information of any taxpayer, to the extent necessary to obtain information relating to such official duties, including, but not limited to—
>
>> (vi) *** to locate assets in which the taxpayer has an interest *** [and] to apply the provisions of the Code relating to establishment of liens against such assets ***.

26 C.F.R. § 301.6103(k)(6)-1T(a)(vi) (2003); see also 26 C.F.R. § 301.6323(f)-1(a)(1) (designating proper place for filing notice of federal tax lien). Section 6103(k)(6) and the pertinent regulations "plainly indicate that disclosure of return information necessary to

---

[3] Because section 6103(k)(6) directs the Secretary of the Treasury to promulgate regulations controlling the situations and conditions under which disclosure is permitted, the resulting regulations are so-called "legislative regulations," entitled to deference from the courts. See, e.g., Chrysler Corp. v. Brown, 441 U.S. 281, 301-03 (1979).

accomplish collection activities, including the *** filing of notices of federal tax liens, is exempt from the general disclosure prohibition of Section 6103(a)." Elias v. United States, 1990 WL 264722, *5 (C.D. Cal. Dec. 21, 1990), aff'd mem., 974 F.2d 1341 (9th Cir. 1992); see also, Long v. United States, 972 F.2d 1174, 1180 (10th Cir. 1993) ("6103(k)(6) authorizes an IRS employee to disclose tax return information in the issuance of liens."); Mann v. United States, 204 F.3d 1012, 1018 (10th Cir. 2000) ("6103(k)(6) and the relevant regulations do permit disclosure of tax return information when made in notices of lien."); William E. Schrambling Accountancy Corp. v. United States, 937 F.2d 1485, 1490 (9th Cir. 1991) ("[t]he recording of a federal tax lien in the County Recorder's Office *** places information in the liens *** in the public domain. Because information in the public domain is no longer confidential there can be no violation of Section 6103 and, consequently, no liability for disclosure of such information under Section 7431.") The actions of the Service agents in this case properly fall under the protection of section 6103(k)(6) and therefore there can be no liability under section 7431.

## CONCLUSION

The amended complaint contains virtually the identical allegations as are set forth in the original complaint. None of the new allegations contained in the amended complaint are of consequence in relation to the legal analysis under section 7433. The same analysis applies to the amended complaint as applies to the original complaint.

Here, as with respect to the original complaint, Plaintiffs' exclusive remedy is found in section 7433, and therefore the amended complaint should be dismissed. In

the alternative, Plaintiffs have not exhausted their administrative remedies under the Code, and therefore the amended complaint should be dismissed. In the alternative, there has been no violation of section 6103, and therefore the amended complaint should be dismissed.

DATED: December 13, 2006

                                 Respectfully submitted,

                                 /s/ Michael J. Martineau
                                 MICHAEL J. MARTINEAU
                                 Trial Attorney, Tax Division
                                 U.S. Department of Justice
                                 Post Office Box 227
                                 Washington, DC 20044
                                 Telephone: (202) 307-6483
                                 Facsimile: (202) 514-6866
                                 Email: Michael.J.Martineau@usdoj.gov

OF COUNSEL:
JEFFREY A. TAYLOR
United States Attorney