UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **LAVERN KOERNER**, *et al.*, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action No. 06-01633 (ESH) |
| **UNITED STATES**, | ) ) ) | |
| Defendant. | ) ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiffs LaVern Koerner and Wilma Koerner filed a *pro se* complaint on September 20, 2006, seeking damages under 26 U.S.C. § 7431 based on "intentional and/or negligent unlawful disclosure of confidential [tax] return information" by agents of the Internal Revenue Service ("IRS"). (Cmpl. ¶ 1; *see id.* ¶ 18.) Plaintiffs filed an amended complaint on December 8, 2006. For the reasons explained herein, the Court concludes that it lacks subject matter jurisdiction and dismisses the case without prejudice.

### BACKGROUND

Plaintiff's amended complaint alleges that, by filing notices of tax liens with the "County Recorder/Register of Deeds" in Maricopa County, Arizona, IRS agents "wrongfully disclose[d], through the public record, tax return information, such as name, address, city, state, social security number, [and] amount of assessment." (Am. Cmpl. ¶ 5.) Arguing that the agents violated 26 U.S.C. § 6103, plaintiffs seek damages under 26 U.S.C. § 7431. (*Id.* ¶ 15.)

On December 13, 2006, the government filed a motion to dismiss for lack of subject

matter jurisdiction or, in the alternative, for failure to state a claim. (Mot. to Dismiss at 1.) As required for *pro se* litigants under *Fox v. Strickland*, 837 F.2d 507 (D.C. Cir. 1988), the Court informed plaintiffs that failure to respond by January 12, 2006, could result in the case's dismissal. *See Koerner v. United States*, No. 06-01633, Order at 1–2 (D.D.C. Dec. 13, 2006). Despite the Court's warning, plaintiffs have failed to oppose the government's motion. Instead, in a letter styled a "Rule 11 notice," they have asked the government to withdraw its motion or face a motion for sanctions.

## ANALYSIS

Although this case could be dismissed based solely on plaintiffs' failure to respond, the Court need not rely on that failure because plaintiffs have failed to establish subject matter jurisdiction and, in the alternative, have failed to state a claim upon which relief can be granted.

**I.      Dismissal is Warranted under Federal Rule of Civil Procedure 12(b)(1)**

"Once a defendant has moved to dismiss a case pursuant to Rule 12(b)(1), 'the plaintiff bears the burden of establishing the factual predicates of jurisdiction by a preponderance of the evidence.'" *Lindsey v. United States*, 448 F. Supp. 2d 37, 42 (D.D.C. 2006) (quoting *Erby v. United States*, 424 F. Supp. 2d 180, 182 (D.D.C. 2006). "The [C]ourt, in turn, has an affirmative obligation to ensure that it is acting within the scope of its jurisdictional authority." *Id.* at 42–43 (alteration in original) (quoting *Abu Ali v. Gonzales*, 387 F. Supp. 2d 16, 17 (D.D.C. 2005)).

Under 26 U.S.C. § 6103, subject to specific exceptions, tax returns and return information must be kept confidential. *See* 26 U.S.C. § 6103 (2006). Under 26 U.S.C. § 7431, if "any officer or employee of the United States knowingly, or by reason of negligence, discloses any return or return information . . . in violation of any provision of section 6103," there is a private right of

action against the United States.  26 U.S.C. § 7431(a) (2006).

Under 26 U.S.C. § 7433, there is a separate private right of action against the United States if "in connection with any collection of Federal tax . . . any officer or employee of the Internal Revenue Service recklessly or intentionally, or by reason of negligence disregards any provision of [Title 26], or any regulation promulgated under [that] title."  26 U.S.C. § 7433(a) (2006).  Congress has determined that, "[e]xcept as provided by section 7432 [dealing with damages for failure to release a lien], [a] civil action [under § 7433] shall be the exclusive remedy for recovering damages from such [tax collection activity]."  *Id.*

Considering §§ 7431 and 7433 together, the question arises "whether the exclusivity provision of § 7433 bars a § 7431 suit for unauthorized disclosure of return information when the alleged disclosure occurs in connection with a tax collection activity."  *Shwarz v. United States*, 234 F.3d 428, 432 (9th Cir. 2000).  Although the D.C. Circuit has never addressed the question, the Ninth Circuit has persuasively explained why the exclusivity provision necessarily operates as a bar.  *See id.* at 432–33; *see also Mann v. United States*, 204 F.3d 1012, 1017 (10th Cir. 2000) (stating that "an analysis of the interplay between §§ 7431 and 7433 certainly seem[ed] appropriate," but declining to address the exclusivity question when the government had failed to present an exclusivity argument to the district court); *Ross v. United States*, — F. Supp. 2d —, —, 2206 WL 3250831, at *8 (D.D.C. 2006) (relying on *Shwarz* in holding that the exclusivity provision of § 7433 barred suits for damages, based partly on the publication of return information, "under the APA, the All Writs Act, the Mandamas Act, FOIA, the Privacy Act, the Federal Records Act, or the Archives Act"); *Ruiz Rivera v. IRS*, 226 F. Supp. 2d 345, 349 (D.P.R. 2002) ("Although the Court is inclined to agree with the IRS's argument [that § 7433

bars the plaintiff from seeking a remedy under § 7431], it will instead dismiss the claim on the ground that [the plaintiff] lacks standing to sue under § 7431."). For one, the plain language of § 7433 supports that, "[e]xcept as provided by section 7432, [a] civil action [under § 7433] shall be the exclusive remedy for recovering damages" based on a violation of Title 26 that occurs "in connection with any collection of Federal tax." 26 U.S.C. § 7433(a). Moreover, the legislative history supports such an interpretation. Although § 7431 was already in existence when Congress enacted §7433, "[t]he conference agreement adding the [exclusivity] provision [of § 7433] makes clear . . . that, except for § 7432 actions, all other actions for improper collection activity are precluded by § 7433." *Shwarz*, 234 F.3d at 433 (second and third alterations in original) (citing H.R. Conf. Rep. No. 100-1104, at 228–29 (1988), *reprinted in* 1988 U.S.C.C.A.N. 5048, 5289); *see also Miles v. Apex Marine Corp.*, 498 U.S. 19, 32 (1990) ("We assume that Congress is aware of existing law when it passes legislation.").

Here, plaintiffs base their suit on a disclosure of return information that occurred in connection with the IRS's tax collection efforts. *See Opdahl v. United States*, No. 98-0262, 2001 WL 1137296, at *2 (D.D.C. Aug. 16, 2001) (treating the filing of notices of lien and levies as a tax collection activity). Accordingly, § 7433 is plaintiffs' only possible avenue of recourse and the Court lacks subject matter jurisdiction to hear plaintiffs' claims under § 7431.[1] *See Shwarz*,

---

[1] It would be futile for the Court to construe plaintiffs' claim as one for damages under § 7433, because plaintiffs do not purport to have exhausted their administrative remedies. *See, e.g.*, *Ross*, — F. Supp. 2d at —, 2006 WL 3250831, at *5–6 (explaining that, although the exhaustion requirement of § 7433 is nonjurisdictional, the plaintiffs' failure to exhaust was nevertheless fatal under Rule 12(b)(6)); *Lindsey*, 448 F. Supp. 2d at 51–54, 61 (same). This Court has already dismissed a previous § 7433 action by plaintiff LaVern Koerner for failure to exhaust. *See Koerner v. United States*, 424 F. Supp. 2d 213, 218 (D.D.C. 2006); *see also Koerner v. United States*, No. 05-1600, Order at 1–2 (D.D.C. Jan. 30, 2006) (ordering that all further pleadings be filed in No. 06-0024 and administratively terminating No. 05-1600 because

234 F.3d at 432–33.

## II.    Dismissal is Warranted under Federal Rule of Civil Procedure 12(b)(6)

The government argues in the alternative that this case should be dismissed because plaintiffs have failed "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In deciding a motion to dismiss pursuant to Rule 12(b)(6), the Court must construe the complaint in the light most favorable to plaintiffs and give plaintiffs the benefit of all inferences that can be derived from the facts alleged therein. *See Barr v. Clinton*, 370 F.3d 1196, 1199 (D.C. Cir. 2004).

As explained above, § 7431 provides civil damages when there is a negligent or willful violation of § 6103. However, not all disclosures of tax return information violate § 6103. For example,

> [a]n internal revenue officer or employee . . . may, in connection with his official duties relating to any . . . collection activity . . . disclose return information to the extent that such disclosure is necessary . . . with respect to the correct determination of tax, liability for tax, or the amount to be collected or with respect to the enforcement of any other provision of [Title 26]. Such disclosures shall be made only in such situations and under such conditions as the Secretary [of Treasury] may prescribe by regulation.

26 U.S.C. § 6103(k)(6).

The Secretary of Treasury has promulgated regulations enumerating the specific circumstances under which disclosures are lawful pursuant to § 6103(k)(6). The regulations permit, *inter alia*, disclosures necessary "to locate assets in which the taxpayer has an interest . . . or otherwise to apply the provisions of the Internal Revenue Code relating to establishment of liens against such assets . . . ." 26 C.F.R. § 301.603(k)(6)-1(a)(vi) (2006).

---

both suits raised identical claims).

5

Based on § 6103(k)(6) and the related Treasury regulations, several courts have concluded that a notice of lien does not give rise to a cause of action under § 7431. *See, e.g.*, *Mann*, 204 F.3d at 1018 ("Thus, § 6103(k)(6) and the relevant regulations do permit disclosure of tax return information when made in notices of lien and levy, to the extent necessary to collect on taxes assessed."); *Opdahl*, 2001 WL 1137296, at *2 ("Federal courts have held that disclosure of return information in notices of levy is 'necessary to the collection activity' and thus falls within the § 6103(k)(6) exemption. The limited information concerning plaintiff's tax deficiencies included in the notice of lien and levies was 'necessary to the collection activity' and did not violate 26 U.S.C. § 7431." (citations omitted)); *see also William E. Schrambling Accountancy Corp. v. United States*, 937 F.2d 1485, 1489–90 (9th Cir. 1991) ("The recording of a federal tax liens in the County Recorder's Office . . . places information in the liens . . . into the public domain. Because information in the public domain is no longer confidential there can be no violation of Section 6103 and, consequently, no liability for disclosure of such information under Section 7431.").

Here, plaintiffs do not challenge the validity of the IRS's notice of lien. Plaintiffs simply allege that "[i]t was not necessary for the [IRS] agent(s) to place on the aforementioned Notice(s) of tax lien(s) tax return information which subjects plaintiff(s) to the possibility of identity theft." (Am. Cmpl. ¶ 8.) The Court agrees with the government that, under § 6103(k)(6) and related Treasury regulations, plaintiffs have failed to state a claim under § 7431. *See Opdahl*, 2001 WL 1137296, at *2.

**CONCLUSION**

For the foregoing reasons, the Court concludes that it lacks subject matter jurisdiction over plaintiffs' claim for damages under 26 U.S.C. § 7431. Accordingly, the government's motion to dismiss [#7] is **GRANTED**, and it is hereby **ORDERED** that the case be dismissed without prejudice.

         s/         
ELLEN SEGAL HUVELLE
United States District Judge

DATE:    January 23, 2007