UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|   |   |
|---|---|
| LAVERN KOERNER, *et al.*, | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Civil Action No. 06-01633 (ESH) ) |
| UNITED STATES, | ) ) ) |
| Defendant. | ) ) |

# MEMORANDUM OPINION AND ORDER

Plaintiffs, acting *pro se*, filed suit against the United States "seeking damages under 26 U.S.C. § 7431 based on 'intentional and/or negligent unlawful disclosure of confidential [tax] return information' by agents of the Internal Revenue Service.'" *Koerner v. United States*, 471 F. Supp. 2d 125, 126 (D.D.C. 2007) (quoting plaintiffs' complaint). Holding that "the exclusivity provision of [26 U.S.C.] § 7433 bars a § 7431 suit for unauthorized disclosure of return information when the alleged disclosure occurs in connection with a tax collection activity," this Court dismissed plaintiffs' suit. *Id.* at 127 (quoting *Shwarz v. United States*, 234 F.3d 428, 432 (9th Cir. 2000)). Pursuant to Federal Rule of Civil Procedure 60(b)(6), plaintiffs now move for relief from the Court's judgment.

Plaintiffs raise two arguments in support of their motion. First, they argue that, "[i]f the court construed the instant matter as being filed as a 7431 action, then there is no requirement to exhaust administrative remedies." (Mot. at 2.) Second, they argue that, if the Court decided the case under § 7433, exhaustion of administrative remedies is not a jurisdictional requirement and

a jury must determine whether exhaustion in fact occurred.  (*See id.* at 2–4.)

Plaintiffs' arguments are unavailing.  Their first argument misconstrues the nature of the Court's judgment.  The Court did not hold that § 7431 has an exhaustion requirement, but rather that the exclusivity provision of § 7433 bars suits under § 7431 pertaining to the collection of federal taxes.  *See Koerner*, 471 F. Supp. 2d at 127.  Plaintiffs' second argument fails because, as the Court's opinion made clear, their claim was not construed pursuant to § 7433.  *See id.* at 127 n.1 ("It would be futile for the Court to construe plaintiffs' claim as one for damages under § 7433 . . . .").[1]

For the foregoing reasons, plaintiffs' motion for relief from the Court's judgment [Dkt. 12] is **DENIED**.

/s/
ELLEN SEGAL HUVELLE
United States District Judge

Date: July 13, 2007

---

[1] Furthermore, it is well settled that a claim for damages under § 7433 cannot survive a motion to dismiss when, as here, plaintiffs do not claim to have exhausted their administrative remedies.  *See, e.g.*, *Lindsey v. United States*, 448 F. Supp. 2d 37, 61 (D.D.C. 2006) (holding that the plaintiffs' failure to contest that they did not exhaust their administrative remedies required dismissal of their § 7433 claim).